**FILED**
**Jul 08, 2025**
**11:30 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **DEANDRE MILES,** | ) | **Docket No.: 2023-08-8556** |
| **Employee,** | ) | |
| **v.** | ) | |
| **NIKE INC. FOOTWEAR,** | ) | **State File No.: 19676-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **OLD REPUBLIC INS. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS
## IN PART

---

The Court held an expedited hearing on July 1, 2025, in which Mr. Miles requested treatment with a new authorized physician, temporary disability benefits, and payment of unauthorized medical bills. Nike argued that Mr. Miles is not entitled to a new physician but could return to his authorized treating physician. Nike also argued he is not entitled to temporary disability benefits because the treating physician returned him to full duty. Additionally, he did not provide proof that would allow payment for his unauthorized medical bills.[1]

For the reasons below, the Court holds that Mr. Miles is not likely to show at a hearing on the merits that he is entitled to a new physician, to temporary disability benefits, or to payment of unauthorized medical bills. However, because his medical benefits have not been terminated, he can return to his authorized treating physician for any reasonable and necessary treatment related to his work injury.

### Motion to Compel

The day before the expedited hearing, Mr. Miles filed a motion to compel Nike to produce all signed medical documents and to bring them to the hearing. He did not send

---

[1] Mr. Miles also sought additional awards that were not within this Court's authority to grant, including repayment of paid time off and an award for pain and suffering.

discovery requests to Nike before filing the motion, nor did he show evidence of a good-faith attempt to resolve any discovery dispute.

Nike, for its part, argued that it already sent all the medical records in its possession to Mr. Miles in February.

The Court denies Mr. Miles's motion because he did not send discovery requests to Nike, did not make a good-faith attempt to resolve any dispute without the motion, and because Nike already sent the requested information to Mr. Miles.

## Evidentiary Ruling

Mr. Miles filed a collective exhibit of text messages and emails with Nike representatives and the third-party administrator. Nike objected to the admissibility of these items as hearsay. However, it failed to show that the Nike representatives and the third-party administrator were not agents or servants of a party opponent.

Therefore, the Court overrules the objection as an admission by a party opponent made in a representative capacity under Rule 803(1.2)(A) of the Tennessee Rules of Evidence and admits the collective exhibit into evidence as exhibit seven.

## History of Claim

On March 11, 2023, Mr. Miles injured his back after his forklift malfunctioned. He selected Dr. Sam Murrell from a panel.

Dr. Murrell ordered multiple CT scans and MRIs, which showed no acute injury, a chronic small annular tear, and evidence of nodal disease. He did not relate either the annular tear or the nodal disease to Mr. Miles's work, so he released Mr. Miles at maximum medical improvement for his work-related injury with no impairment. Dr. Murrell stated that he "had little more to offer from an orthopedic standpoint" and that he could not identify a structural abnormality that would be causing Mr. Miles's pain.

After being released, Mr. Miles went to an unauthorized chiropractor. He testified that the chiropractor found that one of his legs had compression and was shorter than the other.

Mr. Miles also testified that he is still in pain and remains on medical leave for this injury. He does not want to return to Dr. Murrell because he does not believe Dr. Murrell fully explained the MRI or offered other treatment options, such as care by a neurologist or chiropractor.

**Findings of Fact and Conclusions of Law**

Mr. Miles has the burden of proving he is likely to prevail at a hearing on the merits on his claim for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

The law requires an injured employee "to accept the medical benefits" provided by the employer, which includes a panel of "three or more independent reputable physicians. . . from which the employee shall select one to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). Once selected, that physician is the authorized treating physician until the physician declines to continue treating the employee. *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-10 (Sept. 12, 2017). The employer may also voluntarily provide a new panel of physicians.

Neither situation allowing for the appointment of a new treating physician occurred in his case. Dr. Murrell placed Mr. Miles at maximum medical improvement, but he has not declined to see him. Additionally, Nike has not voluntarily provided a new panel.

In support of his position, Mr. Miles testified that he does not want to return to Dr. Murrell because he does not believe that Dr. Murrell gave him all the available information or explored all the treatment options. While this may be true, it does not entitle Mr. Miles to a new doctor because Dr. Murrell has not declined to see him.

By law, the circumstances allowing for a change of authorized physician are narrow. As the Appeals Board held, "[u]nless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury." *Id.* at *7

The parties here have not agreed to alteration of future medical benefits or a change in authorized treating physicians. Under these circumstances, Mr. Miles's rights to reasonable and necessary treatment of his work injury rest in returning to authorized physician Dr. Murrell.

Turning now to Mr. Miles's claim to temporary disability benefits, he must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of disability. For temporary partial disability benefits, he must show that his treating physician returned him to work with restrictions that Nike either could not or would not accommodate. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

Mr. Miles did not meet this burden. He testified that he is still on medical leave for his injury, but he offered no medical proof on the extent or duration of disability. The only medical proof he offered is Dr. Murrell returning Mr. Miles to work with no restrictions.

Based on that evidence, Mr. Miles is not likely at this time to prevail in a final hearing on a claim for temporary disability benefits.

Mr. Miles also sought to have his unauthorized medical bills paid by the employer. However, he did not provide the bills or any proof that would relate the bills to his need for authorized medical treatment. For that reason, this request is also denied.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Miles's request for a new authorized treating physician is denied, as is his request for payment of bills for unauthorized treatment.

2. Mr. Miles's claim for temporary disability benefits is denied.

3. Mr. Miles is allowed to return to his authorized treating physician, Dr. Murrell, for any reasonable and medical treatment of his work injury.

4. The Court sets a status conference for **September 22, 2025, at 10:15 a.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

5. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED July 8, 2025.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Medical Records – OrthoSouth
2. First Report of Injury
3. Wage Statement
4. *[For Identification Only]* Medical Records – James Chiropractic & Rehabilitation
5. MRI
6. Recording of Dr. Murrell Office Visit
7. Text Messages and Emails Submitted by Mr. Miles
8. Affidavit of Mr. Miles
9. *[For Identification Only]* Additional James Chiropractic & Rehabilitation Letters


**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on July 8, 2025.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| DeAndre Miles, Employee | X | X | 1283 Saxon Avenue, Memphis, TN 38106 drefreshmuzik@gmail.com |
| Vickie Moffett Cruzen, Employer's Attorney | | X | vmoffettcruzen@swlawpllc.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*